ELIZABETH MATHIS

*v.*

CHARLES R. STEVENSON, executor, &c., of William Mathis, deceased.

[Submitted and decided October 30th, 1908.]

1. Orphans Court act, act June 14th, 1898 (*P. L. p. 738 § 67*), requires a decedent's creditors to bring their claims against the estate within a certain time. Section 70 (page 740) bars a claim not made within that time, and section 71 (page 740) provides that the executor may give written notice that the claim is disputed, when the creditor must commence suit thereon within three months from such notice, or the claim will be barred. Complainant's claim for money loaned her husband during his lifetime was disputed by the executor, and suit was not brought thereon within three months.—*Held*, that the purpose of the statutes being to effect a speedy settlement of estates, section 71 applied, as a general rule, to suits in equity, as well as legal actions, and complainant's suit, having been brought in equity only because of the relationship when the debt was created, was barred by her failure to bring it within the required time.

2. The term "suit," though frequently used to include both actions at law and suits in equity, is more appropriately applied to the latter.

The bill is filed by a widow against the executor of her deceased husband to recover money alleged to have been loaned by her to her husband in his lifetime.

The plea asserts that complainant presented her said claim, in writing, to defendant and that defendant gave notice, in writing, to complainant that her claim was disputed; and that this suit

was not brought until after the expiration of three months from the time of the giving of such notice; and that the surrogate has, by final decree, ordered that all creditors of defendant's testator who have not brought in their claims shall be barred from any action therefor against defendant.

The plea has been set down for hearing to determine its sufficiency as a bar to recovery.

*Messrs. French & Richards,* for the plea.

*Messrs. Thompson & Cole, contra.*

LEAMING, V. C.

It is contended in behalf of complainant that the provisions of our statute barring claims against executors do not contemplate claims of the nature of the present one over which a court of law cannot take jurisdiction. I am unable to reach that conclusion. While a court of law will not entertain jurisdiction over an action by a wife against her husband, or of a widow against her deceased husband's executor, for a debt due from the husband to the wife, the jurisdiction of a court of equity to maintain such a suit has long been recognized; and I find nothing in either the terms or the policy of our statute barring claims against executors which indicates that the statute relates alone to actions at law. Section 67 of the Orphans Court act (*P. L. 1898 p. 738*), requires "creditors of the decedent to bring in their debts, demands and claims against his estate" within the time therein specified. Section 70 provides for a final decree barring a creditor who has not brought in his claim within the time limited, and enacts that such creditor "shall, by such decree, be forever barred of his or her action therefor against such executor." Section 71 provides that when a claim is presented the executor may, in writing, give notice that the claim is disputed, and in such case

"such creditor shall bring suit therefor in three months from the time of giving such notice; and in any suit not commenced within said time, said decree shall bar any recovery of the account or part so disputed, as if said debt or claim had not been presented within the time so limited by the court."

It will be observed by reference to the provisions of the statute above quoted that the terms of the statute clearly include any debt of the deceased without limitation as to the court where such debt must be recovered. The requirement that "suit" shall be commenced within three months from the time the claim is disputed contains no suggestion that an action at law is alone contemplated. The term "suit" though frequently used to include an action in a court of law, as well as a suit in a court of equity, is more appropriately applied alone to the latter. See *Black's L. Dict. tit. "Suit."* The well recognized spirit and purpose of the provisions of the statute under consideration also indicate that the intention of its framers was to require a creditor to litigate a claim for the recovery of an alleged indebtedness of deceased, within the time specified, without limitation as to the court in which such claim of indebtedness should be appropriately asserted. It has been repeatedly held that the general purpose of the statute is to effect a speedy settlement of estates of deceased persons. *Newbold* v. *Fenimore, 53 N. J. Law (24 Vr.) 307, 309; Emson* v. *Allen, 62 N. J. Law (33 Vr.) 491, 493; Simons* v. *Forster, 73 N. J. Law (44 Vr.) 338, 341.* With such general legislative purpose in view no reason suggests itself why the statutory requirement should not be held to include suits in equity as well as action at law.

I have not undertaken to inquire whether it may not be possible for some class of equitable claims to arise against the estate of a deceased person, the assertion of which may not fall within the provisions of the act. But where, as here, the claim is for the recovery of a debt arising from money loaned by a wife to her husband and the assertion of the claim falls within the jurisdiction of the court of chancery only because the indebtedness arose at a time when the relationship of husband and wife existed, I am entirely clear that both the terms and spirit of the act must be held to include such a claim.

I will advise an order sustaining the plea.